UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
EDWIN PEREZ, *pro se*,  :
    :
    Petitioner,  :
    :    **MEMORANDUM AND ORDER**
    -against-    :    10-CV-5550 (DLI)
    :
UNITED STATES OF AMERICA,  :
    :
    Respondent.  :
---------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner Edwin Perez ("Perez" or "Petitioner") filed a motion challenging his sentence pursuant to 28 U.S.C. § 2255. (*See generally* Mot. to Vacate, Docket Entry No. 1.) Petitioner contends that he received ineffective assistance of counsel during his plea negotiations, sentencing, and appeal. Additionally, Petitioner claims that the sentencing judge lacked jurisdiction to impose the sentence because the government failed to serve the defense with the prior felony information. Petitioner requests that the court "vacate the judgment and the sentence and resentence petitioner without the Sec. 851 enhancement." (Mot. to Vacate at 14.) For the reasons set forth below, the petition is denied in its entirety.

## BACKGROUND

Petitioner was charged with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, one kilogram or more of heroin, five kilograms or more of cocaine and an unspecified quantity of ecstasy in violation of 21 U.S.C.

---

[1] In reviewing the petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

§§ 841(b)(1)(A) and 846. In advance of trial, on August 21, 2003, the government filed and served a prior felony information citing Perez's 2001 New Jersey state conviction for conspiracy to distribute a controlled substance. (Gov't Mem. in Opp., Ex. B at 7 n.2, Dkt. Entry No. 6.)

Perez's trial began on September 9, 2003. During motions *in limine* and prior to opening statements, the court held that the government was required to discuss at sidebar the introduction of evidence related to certain of Petitioner's prior bad acts before introducing such evidence during the trial. (Gov't Mem. in Opp., Ex. C at 3.) During trial, while the government was conducting a re-direct examination of a New York City police detective, the following exchange occurred:

> Q How did you identify the defendant Edwin Perez in terms of where he lived?
> A We intercepted a wiretap conversation between Edwin Perez and Jose Diaz, I don't recall the exact date, but he told Jose that he's on parole in New Jersey, he has to get home –

(*Id.* at 133.) Defense counsel interrupted the witness' answer to object and sought a mistrial at sidebar. (*Id.*) The court sustained counsel's objection, issued a curative instruction to the jury, but denied the motion for mistrial. (*Id.* at 136, 139.) The court also indicated that it would issue a further limiting instruction if requested. (*Id.* at 139-40.) The following day, the court inquired whether Petitioner wanted a limiting instruction. (*Id.* at 167.) Based on Petitioner's response, the court issued an instruction covering issues that had been raised during the previous testimony including, the following:

> It bears on what we call his credibility. That is the very limited purpose for which that evidence of what we call other misconduct, other than the charges in the case, that is the very limited purpose for which [evidence of a witness' prior bad act] is put before you and you are not to speculate from that evidence or any other evidence that is presented to you during the course of the trial that the defendants themselves have engaged in any misconduct other than the conduct of which they are accused.

2

> There is a general reason for that, even if people do get into other difficulties with the law, that is other than the accusation that they face here, we don't treat them any differently because of that. They are entitled to the same presumption of innocence that everybody is. Whether they engaged in some other acts which bear on their character or not. They are still entitled to the presumption of innocence.
>
> I do not know whether there is – because I just don't know what the proof is going to be in this case – I do not know whether there will be any evidence of misconduct by these defendants other than what they are accused of. If there is evidence of that sort, I will permit it to be put before you only for the limited purposes concerning which I will instruct you at the time.
>
> There is no such evidence before you now and you are not to speculate either of the defendants have engaged in any misconduct other than the misconduct of which they are accused here and obviously it's going to be up to you to determine whether the prosecution has proved beyond a reasonable doubt that they have engaged in the crimes of which they are accused after the government has presented its proof.

(*Id.* at 168-69.) Also, during the final jury charge, the Court provided the following instruction, among others, to the jury:

> Now, during the course of the trial there's been evidence of acts which you may regard as acts of misconduct by a defendant different from the crime charged in the indictment. To talk about the most trivial of that sort of misconduct, bad language, possession of counterfeit money, use of drugs. All of those subjects came up in the course of the trial.
>
> The defendants are not charged with bad conduct of that sort and you may not use evidence of that sort to draw inferences concerning a defendant's character as a basis for concluding that a person of such character is likely to have committed the crimes charged. There are at least two reasons for that; one, each defendant, including a defendant of whose character we might in some way disapprove, is entitled to the presumption of innocence and is presumed innocent of the charge in the indictment unless and until his guilt is established beyond a reasonable doubt. A second reason is that you shouldn't base your verdict simply on what's likely the consequence of a defendant's character. What is

3

> required is not what is likely but what is so beyond a reasonable doubt.
>
> If you were, just to give sort of a silly example, if you were to find that the only misconduct in which a defendant is engaged is using bad language or another criminal act other than the one charged in the indictment, then you must find the defendant not guilty simply because that is not the conduct with which he's charged.

(*Id.* at 1193-94.) Petitioner did not object to these instructions at any point during the course of the trial.

On September 22, 2003, the jury found Petitioner guilty of the single count charged against him. On December 10, 2003, the court granted Petitioner's application for appointment of new counsel. Subsequently, Anthony Ricco, Esq. was appointed to Perez's case for sentencing. On May 18, 2004, the court sentenced Petitioner to 292 months of incarceration, which was the bottom of the sentencing guidelines range. (Gov't Mem. in Opp., Ex. D at 27, 37.) During this sentencing proceeding, the parties and the court agreed that Petitioner was subject to a mandatory minimum sentence of 20 years. (*Id.* at 27.)

Perez appealed his sentence. On June 6, 2005, the Second Circuit Court of Appeals rejected Petitioner's challenge to the court's determination of his guidelines range based on the quantity of narcotics involved in the conspiracy. *United States v. Casiano*, 133 Fed. App'x 791, 796 (2d Cir. 2005). However, on consent, the Second Circuit remanded the case to the district court for resentencing based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the sentencing guidelines advisory. *Casiano*, 133 Fed. App'x at 796.

Prior to resentencing, Mr. Ricco, on behalf of Perez, filed a letter asserting Petitioner's claim that the government had not filed the prior felony information as required. (Gov't Mem. in Opp., Ex. E.) On July 31, 2006, the court resentenced Petitioner to 240 months of incarceration,

4

which was the mandatory minimum sentence permitted pursuant to 21 U.S.C. § 841(b)(1)(A). (Tr. at 28, No. 02-cr-1327, Dkt. Entry No. 343.)[2] During this hearing, the court rejected Petitioner's argument that the prior felony information was not filed timely. (Gov't Mem. in Opp., Ex. F at 16-17.)

Perez challenged the July 31, 2006 sentence on the grounds that it was imposed in violation of 21 U.S.C. §851(b), which grants defendants an opportunity to deny or affirm the prior conviction and requires notice that any challenge to the prior conviction must occur before sentencing. (Order to Show Cause, Decl. at 1-2, No. 02-cr-1327, Dkt. Entry No. 341.) On September 6, 2006, on consent of the parties, the court vacated the July 31, 2006 sentence. (Min. Entry, No. 02-cr-1327, Dkt. Entry No. 347.) On January 18, 2007, Richard Signorelli, Esq. was appointed counsel for Perez, and Mr. Ricco was relieved at the defendant's request. (Min. Entry, No. 02-cr-1327, Dkt. Entry No. 379.) On April 21, 2008, the New Jersey Supreme Court denied Petitioner's request for review of the lower state court's decision rejecting Petitioner's challenge to the prior conviction. *State v. Perez*, 949 A.2d 850, 850 (N.J. 2008).

On October 29, 2008, the court resentenced Perez to 240 months of incarceration. (Min. Entry, No. 02-cr-1327, Dkt. Entry No. 476.) On November 26, 2008, judgment was entered and Petitioner filed a notice of appeal. (3rd Amended Judgment, No. 02-cr-1327, Dkt. Entry No. 490; Notice of Appeal, No. 02-cr-1327, Dkt. Entry No. 492.) Mr. Signorelli filed an *Anders* brief with the Second Circuit. On September 11, 2009, the Second Circuit affirmed the sentencing court's ruling and granted Mr. Signorelli permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* Order, *United States v. Perez*, No. 08-5407-cr (2d Cir. Sept. 11, 2009).

---

[2] "Tr." refers to the Transcript of Criminal Cause for Resentencing before the Honorable Charles P. Sifton, U.S. Senior District Judge held on July 31, 2006.

Petitioner filed his current motion to vacate his sentence on the grounds that: (1) the sentencing court lacked jurisdiction; (2) Mr. Ricco provided ineffective assistance of counsel during sentencing by failing to investigate Petitioner's claim that the prior information was not timely served; (3) Mr. Ricco provided ineffective assistance of counsel on appeal because he failed to challenge the court's denial of the motion for mistrial; (4) "Signorelli's representation during the sentencing states of the proceedings was ineffective, due to his deficient performance of failing to object and challenge his clients [sic] only plausible defense in preventing an 851 enhanced penalty of 10 years," (Letter at 3, Dkt. Entry No. 9.); and (5) Stuart Grossman, Esq. was ineffective during plea negotiations because he failed to correct the government's calculation of Petitioner's criminal history and base offense level and request that sentences run concurrent.

## DISCUSSION

**I.     Jurisdiction**

Title 21, section 851(a)(1) of the United States Code provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Filing and service of an information is a "condition precedent to a court's authority to impose a statutorily enhanced sentence." *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005).[3]

Petitioner asserts that the government failed to file and serve the information prior to

---

[3] The court is mindful that, according to the Second Circuit, the requirements of section 851 are not jurisdictional, and are therefore subject to procedural default. *Sapia*, 433 F.3d at 217. However, in this case, the requirements were met, so Petitioner's failure to assert this argument on direct appeal is irrelevant.

trial. (Mot. to Vacate, Ex. 2 at 25.) The government has pointed out that this assertion is incorrect. (Gov't Mem. in Opp. at 7.) According to the trial court:[4]

> The complaints that the prior felony information was not timely filed or that there was insufficient notice or that the defendant was not afforded opportunity for allocution, seemed to me, to fail on the merits that the information was timely filed.

(Gov't Mem. in Opp., Ex. F at 16.) Additionally, Mr. Signorelli, Petitioner's attorney on appeal, filed an *Anders* brief wherein he stated that based on his review of the Petitioner's file, he was able to confirm that service of the information on defendant or his counsel occurred prior to trial. (Gov't Mem. in Opp., Ex. B at 7 n.2.) Ultimately, the Second Circuit granted Mr. Signorelli's motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), on September 11, 2009.[5] Order, *United States v. Perez*, No. 08-5407-cr (2d Cir. Sept. 11, 2009).

Based on the record of the case, the court finds that the sentencing judge had authority to sentence Petitioner based on an enhancement pursuant to section 851. Therefore, Petitioner's claim that the court lacked jurisdiction is denied as without merit.

## II. Ineffective Assistance of Counsel

The court must evaluate Petitioner's claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[6] First, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under

---

[4] Senior Judge Charles P. Sifton of this court presided over the trial and sentencing proceedings in this case. This matter was reassigned to me upon the passing of Judge Sifton.
[5] "The Court of Appeals of the Second Circuit will not grant an *Anders* motion unless it is satisfied that: (1) 'counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal;' and (2) 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'" *Torres-Cuesta v. United States*, 2010 WL 3928588, at *7 (E.D.N.Y. Sept. 30, 2010) (quoting *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir.1993)).
[6] "Although *Strickland* addressed the constitutional standard for ineffective assistance of counsel in the trial counsel context, our Circuit has also adopted the *Strickland* two-prong test in assessing the effectiveness of appellate counsel." *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992).

prevailing professional norms." *Id.* at 687-88. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a plea agreement, the second prong of the *Strickland* test is satisfied upon a showing by defendants that there is a "reasonable probability they would have accepted the earlier plea offer[,] . . . [that] the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, . . . [and] that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012).

Here, Petitioner claims that he received ineffective assistance of counsel because: (1) Messrs. Ricco and Signorelli failed to investigate and pursue Petitioner's claim that the information was not filed and served before the trial; (2) on Petitioner's direct appeal Mr. Ricco did not challenge the denial of Petitioner's motion for a mistrial; and (3) during plea negotiations Mr. Grossman failed to correct Petitioner's criminal history and offense level and also failed to petition the court to have his sentences run concurrently. (Mot. to Vacate at 7, 10.)

### A.    *Failure to Investigate Section 851 Enhancement*

Petitioner claims that Mr. Ricco and Mr. Signorelli both failed to properly pursue Petitioner's claim that the information was not filed and served before trial and that application of the section 851 enhancement was not proper. However, as discussed above, the record shows the information was filed and served before the trial. In fact, Signorelli's *Anders* brief included this information and information regarding his investigation of Petitioner's allegation. (Gov't Mem. in Opp., Ex. B at 7 n.2.) No amount of additional investigation could have resulted in a

different outcome that would have impacted Petitioner's sentence, since the record shows that the information was timely filed and served. "Failure to make a meritless argument does not amount to ineffective assistance." *United States v. Noble*, 363 F. App'x 771, 773 (2d Cir. 2010) (quoting *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). Thus, since the information was filed and served, and the sentencing judge had authority to utilize the enhancement, Petitioner's claims regarding Mr. Ricco's and Mr. Signorelli's failure to investigate and pursue this defense fail.

### B. Failure to Challenge Denial of Mistrial

Petitioner argues that Mr. Ricco failed to challenge the trial court's denial of a motion for mistrial and that the failure to do so was a violation of Petitioner's right to effective assistance of counsel on direct appeal. Counsel's failure to appeal the denial of a mistrial was objectively reasonable under the circumstances of this case, because an appeal would have been meritless.

The Second Circuit has recognized that a mistrial may be inappropriate even where improper introduction of prior bad acts occurred. *See, e.g.*, *United States v. Blackshear*, 313 Fed. App'x 338, 341 (2d Cir. 2008) (finding curative instruction sufficient after ambiguous and veiled references to federal protection). For example, the court in *United States v. Fermin* affirmed the district court's denial of the mistrial motion where a witness referred to defendants' "criminal histories" when explaining the basis for the wiretap. 32 F.3d 674, 677 (1994), *overruled on other grounds*, *Bailey v. United States*, 516 U.S. 137 (1995). The court described the statement as "inadvertent" and "ambiguous" and explained that after defense counsel properly objected, the court struck the remark and issued a curative instruction. *Fermin*, 32 F.3d at 677.

*Fermin* is strikingly similar to the facts in the instant case. Here, the witness was discussing a wiretap and this exchange occurred:

> Q	How did you identify the defendant Edwin Perez in terms of where he lived?
> A	We intercepted a wiretap conversation between Edwin Perez and Jose Diaz, I don't recall the exact date, but he told Jose that he's on parole in New Jersey, he has to get home –

(Gov't Mem. in Opp., Ex. C at 133.) Defense counsel immediately objected, the court asked a short follow-up question, and then there was a sidebar where defense counsel requested a mistrial. (*Id.*) During the sidebar, the court had a colloquy with the government about this line of questioning and it was made clear that the government did not intend to elicit evidence regarding the defendant's parole status. (*Id.* at 134-135.) The court granted defense counsel's objection to the testimony and issued a limiting instruction to the jury:

> I'm going to instruct the jury to disregard this question of how this address was developed and all of the other questions and answers relating to that. They have nothing to do with this case.

(*Id.* at 136.) Later, the court denied the motion for mistrial and stated:

> I told the jury to disregard the matter in the most general terms, because this kind of reference to make it more explicit is to make a minor matter a little worse. But if you would like me to give a limiting instruction, I would be happy to give it tomorrow morning.

(*Id.* at 139.) As discussed above, the following day, at Petitioner's request the trial court gave a more detailed limiting instruction to which no one objection. Moreover, this area was also covered in the judge's final instructions to the jury.

The standard for reviewing a motion for mistrial is abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010) ("We review the denial of a motion for mistrial for abuse of discretion."). Based on the facts of this case, as well as the precedent in this Circuit, it was objectively reasonable for Mr. Ricco not to pursue this argument on appeal because the "[f]ailure to make a meritless argument does not amount to ineffective assistance." *Noble*, 363

F. App'x at 773 (quoting *Arena*, 180 F.3d at 396). Since, the trial judge properly denied the motion for mistrial, and followed up on defense counsel's objection to the offending testimony with curative instructions, counsel's decision not to appeal the decision was not ineffective assistance of counsel.

While Petitioner claims the trial judge "delayed giving any instruction until the next day," (Pet., Mem. at 39), that is an inaccurate summary of the sequence of events that unfolded during the trial. Immediately after the sidebar where the parties discussed Petitioner's objection, the court asked the witness a few follow-up questions to clarify and then sustained the objection and issued the first limiting instruction. (Gov't Mem., Ex. C at 136.)

Accordingly, Petitioner's claim of ineffective assistance based on Mr. Ricco's failure to appeal the denial of mistrial is without merit.

      C.      *Ineffective Assistance During Plea Negotiations*

Prior to the trial commencing, the government provided a written plea offer to Petitioner. Petitioner was represented by Mr. Grossman during the negotiations but Petitioner refused to accept the plea agreement and decided to proceed to trial.

Petitioner claims that Mr. Grossman failed to correct Petitioner's base offense level and criminal history category. Petitioner claims that, while his base offense level should have been 32, the government's proposed plea agreement was at level 34. Petitioner also claims that his criminal history category was five, not six. However, these claims of ineffective assistance are meritless because, ultimately, Petitioner cannot show that the plea agreement, as he proposes it, would have been accepted by the government and the court. Petitioner also cannot show that he would have a better end result based on this hypothetical agreement. Notably, a plea agreement is not binding on either the Probation Department or the court.

11

Sentencing is strictly within the purview of the court. The plea agreement offered to Petitioner noted that even when the parties have included a base offense level and criminal history category in the plea agreement, the court is not bound by those estimates. (Pet., Ex. C at 3.) Indeed, the court is required to make its own determination of the proper calculation of the Guidelines range. *United States v. Simmons*, 382 Fed. App'x 63, 63 (2d Cir. 2010) (explaining that it is procedural error for a district court to fail to calculate or to improperly calculate the range pursuant to the Guidelines Manual). This often can vary from the amounts in the *Pimentel* estimate. *See, e.g.*, *United States v. Sharpe*, 423 Fed. App'x 70, 72 (2d Cir. 2011) (noting that a base offense level of 24 was appropriate even though the *Pimentel* estimate in the plea agreement was level 20). Here, the court properly calculated the sentence guidelines range. Therefore, Petitioner was not prejudiced by Mr. Grossman's alleged failure to correct the base offense level and criminal history because those calculations would not have affected the court's ability to calculate the proper amount and reject any improper calculation submitted by the parties.

In the same vein, Petitioner was charged with one count. His plea negotiations were always for that same one count for which he was found guilty. That one count had a mandatory minimum sentence that was enhanced pursuant to section 851 and he was sentenced to the mandatory minimum. So even assuming, *arguendo*, Petitioner's calculations were correct and Mr. Grossman failed to properly advocate for Petitioner's proposed sentence guidelines range during plea negotiations, there is no prejudice to Petitioner because he received the lowest sentence possible pursuant to the statutory mandatory minimum for the charge to which he now claims, generally, he would have pled guilty.

Finally, Petitioner alleges that he received ineffective assistance because Mr. Grossman failed to petition the court for the New Jersey state parole to run concurrent with his federal

sentence. He further explains that the court later granted his *pro se* request for this relief. However, Petitioner is incorrect. The court *recommended* that the sentences run concurrently. (Gov't Mem. in Opp., Ex. G at 3.) More importantly, however, Petitioner has not indicated that he would have accepted a plea only on the condition that his sentences run concurrently to each other. Since the court ultimately recommended that the sentences run concurrently, Petitioner was not prejudiced by Mr. Grossman's alleged failure, if there was any.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief pursuant to 28 U.S.C. § 2255 is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2014

/s/
DORA L. IRIZARRY
United States District Judge